

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>    Plaintiff,<br><br>v.<br><br>SUNROAD BCV AUTO, INC.,<br><br>    Defendant. | Case No.: 3:22-cv-0114-BEN-DEB<br><br>**ORDER DENYING**<br>**1)  DEFENDANT'S MOTION TO DISMISS**<br>**2)  PLAINTIFF'S MOTION TO STRIKE**<br><br>[ECF No. 10, 13] |

Before this Court are Plaintiff's Motion to Strike and Defendant's Motion to Dismiss (ECF No. 13). For the reasons discussed below, Defendant's Motion to Dismiss is DENIED as moot and Plaintiff's Motion to Strike is DENIED.

**I.    Motion to Dismiss**

On January 28, 2022, Plaintiff filed a Complaint in this Court alleging violations, *inter alia*, of the Telephone Consumer Protection Act. ECF No. 1. On March 4, 2022, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 13. On March 23, 2022, while the motion to dismiss was pending, Plaintiff filed an Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). ECF No. 17.

A party may amend its pleading once as a matter of course within 21 days of service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). When an amended

complaint is filed, it "supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (citation omitted), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). Where a motion to dismiss targets a complaint that has been superseded by an amended complaint, the court should deem the motion to dismiss moot. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Here, Defendant's motion to dismiss targeted Plaintiff's initial Complaint, which was superseded on March 23, 2022 by the Amended Complaint. ECF No. 17. Accordingly, Defendant's motion to dismiss is DENIED as moot. This Court will address Defendant's renewed motion to dismiss the first amended complaint in a separate order.

## II. MOTION TO STRIKE

Plaintiff fails to meet the standard set forth in Local Rule 83.3(g) demonstrating why an ex parte motion was necessary. Further, Plaintiff's objection to the attachment of emails to Defendant's application is without merit. The correspondence between the parties was the basis of the motion. It would be impossible for the Court to rule on the matter without having the attached messages for context. "It should go without saying, but such rules are inapplicable when the letters attached are the *basis* for the motion being made." *Anton Ewing v. Empire Capital Funding Group, Inc.*, No. 3:17-cv-2507-LAB-MDD, (S.D. Cal. Mar. 26, 2019) (Burns, J.). Accordingly, Plaintiff's ex parte motion to strike is DENIED.

**IT IS SO ORDERED.**

Dated: April 11, 2022

HON. ROGER T. BENITEZ
United States District Judge